IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HENRY LEE HERMAN**                                                                **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 4:19CV107-DMB-RP**

**COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

## REPORT AND RECOMMENDATION

     Plaintiff filed his Complaint on July 22, 2019 seeking review of the denial of social security benefits by the Commissioner of Social Security. Docket 1. At the same time, he filed a motion to proceed *in forma pauperis*. Docket 2. Due to the limited nature of the information Plaintiff submitted, the Court is unable to determine whether Plaintiff has the financial ability to pay the costs of these proceedings. On July 23, 2019, this Court ordered Plaintiff to submit additional information in support of his Motion so the Court could determine his true financial status. Docket 4. Plaintiff was ordered to provide the requested information no later than August 6, 2019. *Id.* Plaintiff has not responded to the Court's Order and has therefore failed to provide the court with any additional information in support of his motion to proceed *in forma pauperis*.

     28 U.S.C. § 1915(a)(1) requires that Plaintiff submit an affidavit including a statement of all of his assets and his inability to pay the fees. The affidavit submitted by plaintiff provides no information on how plaintiff is able to survive if he has no income or support. Certainly, plaintiff has some expenses in the form of food, sustenance and housing. He must either pay for these things or be provided them by someone.

Having considered Plaintiff's original motion to proceed *in forma pauperis* and failure to respond to the Order Requiring Further Information in Support of Motion to Proceed *in Forma Pauperis*, the undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* be denied[1] and that Plaintiff be directed to pay the standard filing fee. Access to the federal courts as a pauper is not an absolute right, and the court has "wide discretion" to deny *in forma pauperis* status to a plaintiff so long as it does not do so "arbitrarily" or upon "erroneous grounds." *Hogan v. Midland County Commissioners Court*, 680 F.2d 1101, 1103 (5th Cir. 1982) (citation omitted); *see also Holmes v. Hardy*, 852 F.2d 151 (5th Cir. 1988), *cert. denied*, 488 U.S. 931(1988).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* [Docket 2] be **DENIED**. The undersigned further recommends that Plaintiff be allowed fourteen (14) days from the entry of an order adopting this Report and Recommendation to pay the standard civil filing fee of $400.00 or risk dismissal under F.R.Civ.P. 41(a).

---

[1] Circuits which have addressed the issue have declared that denial of a motion to proceed *in forma pauperis* is "the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority." *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990). "A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action." *Id.* (citing 28 U.S.C. § 636(b)(1)(B)); *see Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988) ("While a magistrate can prepare a report and recommendation which, after allowing opportunity for objections, a district judge can review and adopt . . . a magistrate has no authority to issue a dispositive order denying *in forma pauperis* status . . . ."). *See generally* Scott M. Smith, Annotation, *Criminal Jurisdiction of Magistrate Under Federal Magistrates Act of 1968 (28 U.S.C. §§ 631 et seq.)*, 127 A.L.R. Fed. 309 (in civil cases "magistrates lack the jurisdiction under the Federal Magistrates Act . . . to deny a motion to proceed *in forma pauperis* filed under 28 U.S.C.A. § 1915(a) . . . although they do have the jurisdiction to either grant the motion or submit a report and recommendation to deny it to the district judge.").

The Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b), and L.U.Civ.R. 72(a)(3) for the appropriate procedure in the event Plaintiff desires to file objections to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Plaintiff's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars Plaintiff from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accepted by the district court…." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

This the 7th day of August, 2019.

/s/ Roy Percy_____
UNITED STATES MAGISTRATE JUDGE